1  C. Taylor Ashworth, AZ  Bar #010143
   Alan A. Meda, AZ Bar #009213
2  Christopher C. Simpson, AZ Bar #018626
   **STINSON MORRISON HECKER LLP**
3  1850 N. Central Avenue, Suite 2100
   Phoenix, Arizona  85004-4584
4  Tel:  (602) 279-1600
   Fax:  (602) 240-6925
5

6
   Attorneys for Debtors and Debtors in Possession
7
                    IN THE UNITED STATES BANKRUPTCY COURT
8
                        FOR THE DISTRICT OF ARIZONA
9

10 | In re | Chapter 11 |

11 | DEXTER DISTRIBUTING CORPORATION, et al., | **Case No. 2-03-bk-03546-RJH** |

JOINTLY ADMINISTERED WITH:
   2-03-BK-03548-RJH;
12                           Debtors.           2-03-BK-04695-RJH THROUGH
                                                2-03-BK-04710-RJH;
13 THIS FILING APPLIES TO:                      2-03-BK-05427-RJH;
                                                2-03-BK-11513-RJH:
       □      ALL DEBTORS                       2-03-BK-11515-RJH;
14     ■      SPECIFIED DEBTORS                  2-03-BK-04238-RJH;
                                                2:07-BK-01017-RJH;
15 DEXTER DISTRIBUTING                           2:07-BK-01018-RJH; AND
   CORPORATION;                                 2:07-BK-01019-RJH
16 NEW CASTLE MEGASTORE
   CORP.; AND                                   **DEBTORS' EMERGENCY MOTION
17                                              FOR AUTHORIZATION TO PAY
   1113 PROGRESS DRIVE,                          PREPETITION DEBTS OF CRITICAL
18 MEDFORD, LLC                                  VENDORS**

19
                                                **Hearing Date:**
20                                              **Hearing Time:**
                                                **Location:          Courtroom #603**
21                                                                   **230 N First Ave**
                                                                     **Phoenix AZ  85003**
22

23

24     Dexter Distributing Corporation ("Dexter"), New Castle Megastore Corp ("Megastore") and

25 1113 Progress Drive, Medford, L.L.C. ("Medford"), Debtors and Debtors-in-Possession ("Debtors"),

26 through counsel, hereby request entry of an order authorizing Debtors to pay prepetition debts of

27 critical vendors in the normal and ordinary course of business  as more particularly set forth below.

28

DB02/803887 0002/7417297.1

Debtors separately request an expedited hearing on this Motion. In support of this Motion, Debtors represent as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On March 5, 2003, Dexter Distributing Corporation ("Old Dexter") filed its Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. On March 21, 2003, a number of affiliates of Old Dexter filed Voluntary Petitions for relief under Chapter 11 and were subsequently jointly administered with Old Dexter. Later, additional affiliates also filed for Chapter 11 relief and were jointly administered with Old Dexter (the "Affiliate Debtors").

3. On November 14, 2003, an involuntary petition was filed against Taylor R. Coleman ("Coleman"), which ultimately was converted to a Chapter 13 case and jointly administered with Old Dexter.

4. On February 4, 2004, this Court entered its Order confirming the joint plan (the "2004 Plan") of Old Dexter and the Affiliate Debtors.

5. On March 9, 2007, Dexter filed its Voluntary Petition for Relief under Chapter 11 of the U.S. Bankruptcy Code.

6. On March 9, 2007, Megastore filed its Voluntary Petition for Relief under Chapter 11 of the U.S. Bankruptcy Code.

7. On March 9, 2007, Medford filed its Voluntary Petition for Relief under Chapter 11 of the U.S. Bankruptcy Code.

8. On March 9, 2007, Debtors filed a motion requesting the joint administration of Dexter, Megastore and Medford.

9. Each of the Debtors remains in possession of its assets and properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. To date, no statutory committees have been appointed or designated in any of these cases. No request has been made for the appointment of a trustee or examiner in these cases.

10. Debtors' critical vendors together with their respective outstanding prepetition debts, exclusive of amounts being paid under the 2004 Plan, are identified on Exhibit "A" attached hereto and

2

incorporated herein by this reference ("Critical Vendors"). As identified by the exhibit, the Debtors' accounts payable to such Critical Vendors on the petition date, as nearly as can be determined, is approximately $1,275,485.29. Debtors request that the Court authorize them to pay those Critical Vendors who agree to payment terms acceptable to the Debtors.

11. The Debtors are current on all accounts with Critical Vendors. Absent the relief requested in this Motion, the filing of Dexter's, Megastore's and Medford's Chapter 11 petitions will severely disrupt the normal operation of the businesses of the Debtors. Specifically, the bankruptcy filings on March 9, 2007, will interfere with the normal and ordinary business operations of the Debtors. In order to obtain and facilitate essential post-petition vendor support on acceptable terms so that the Debtors may continue in the normal and ordinary operation of their respective businesses, Debtors seek authorization to satisfy the claims of the Critical Vendors who are critical to the reorganization effort and who agree to acceptable payment terms.

12. It is crucial that the Debtors be permitted to negate any disruption by paying the Critical Vendors without interruption or delay. Failure to satisfy the Critical Vendors' claims may render the Debtors unable to operate. Delay or interruption and the Debtors' ability to obtain the critical goods would have a significant adverse effect on the estates. The Debtors generate approximately $2,145,540.00 on average per month in gross sales. Thus, the ability to ensure a continuous and uninterrupted supply of goods provided by the Critical Vendors will increase the likelihood of a successful reorganization.

13. The Debtors propose to pay the prepetition claims of the Critical Vendors that agree to supply the Debtors with goods on credit terms that are the same or better than those provided to the Debtors during the fourth quarter of 2006.

14. The Critical Vendors' claims total approximately $1,275,485.29 and are not substantial in comparison with the value that the Debtors' estates will receive from the uninterrupted supply of goods.

15. If the Debtors are unable to sell goods at their various stores, they will forego significant revenue generated from those sales.

16. There are limited replacement vendors from which to purchase the necessary goods.

3

17. The interest of the Debtor and all parties in interest will be best served if the Debtor is authorized to pay the Critical Trade Vendors' claims.

18. Section 105(a) of the Bankruptcy Code provides:

> The court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a). Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory or under equitable common law principles.

19. "The ability of a bankruptcy court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). This equitable common law principle "was first articulated by the United States Supreme Court in *Miltenberger v. Logansport, C & Swr Co.*, 106 U.S. 286 (1882), and is commonly referred to as either the doctrine of necessity or the necessity of payment rule." *Id.* at 178. Courts have recognized "the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during Chapter 11." *In re Just for Feet, Inc.*, 242 B.R. 821, 825 (D. Del. 1999). "The necessity of payment doctrine recognizes that paying certain pre-petition claims may be necessary to realize the goal of Chapter 11 a successful reorganization." *Id.* at 825-26.

20. Under the doctrine of necessity, a bankruptcy court may exercise its equitable power to authorize a debtor to pay certain critical pre-petition claims, even though such payment is not explicitly authorized under the Bankruptcy Code. *See In re Columbia Gas System*, 136 B.R. 930, 939 (Bankr. D. Del. 1992) (citing *In re Leigh & New England Rwy. Co.*, 657 F.2d 570, 581 (3rd Cir. 1981) (recognizing that "if payment of a pre-petition claim is essential to the continued operation of [the debtor], payments may be authorized.").

21. Debtors cannot afford to lose the services of their Critical Vendors during the difficult transition into Chapter 11. By this Motion, Debtors simply seek authorization to pay Critical

4

Vendor claims in the normal and ordinary course of business, thereby preserving the Debtors ability to continue operations.

WHEREFORE, the Debtors respectfully request that the Court enter an order authorizing the Debtors to pay the prepetition debts of those Critical Vendors set forth on Schedule "A" who agree to acceptable credit terms, and granting the Debtors such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 14th day of March 2007.

**STINSON MORRISON HECKER LLP**

By:      /s/ AAM (#009213)
C. Taylor Ashworth
Alan A. Meda
Christopher C. Simpson
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona  85004-4584
Attorneys for Debtors-in-Possession

COPY of the foregoing sent this 14th day of March 2007, to:

Jonathan E. Hess, Esq.
Office of the U.S. Trustee
230 N First Ave #204
Phoenix AZ  85003-1706
jon.e.hess@usdoj.gov

Michael W. Carmel, Esq.
MICHAEL W CARMEL LTD
80 East Columbus
Phoenix AZ  85012-2334
michael@mcarmelllaw.com
Attorney for Receiver

Lawrence E. Wilk, Esq.
JABURG & WILK PC
3200 N Central Ave #2000
Phoenix AZ  85012-2440
lew@jaburgwilk.com
Attorneys for Receiver

DB02/803887 0002/7417297.1

Dale Schian, Esq.
SCHIAN WALKER PLC
3500 N Central Ave #1500
Phoenix AZ  85012
dschian@swazlaw.com
Attorneys for Taylor Coleman

Henk Taylor, Esq.
LEWIS AND ROCA LLP
40 N Central Ave #1900
Phoenix AZ  85004-4429
htaylor@lrlaw.com
Attorneys for Wachovia Small Business
Capital

Dillon E. Jackson, Esq.
FOSTER PEPPER & SHEFELMAN PLLC
1111 Third Ave #3400
Seattle WA  98101
Attorneys for Olympic Coast Investments


        /s/ Rebecca J. McGee
_____

6