Christopher R. Kaup, State Bar No. 014820
J. Daryl Dorsey, State Bar No. 024237

**TB TIFFANY & BOSCO** P.A.

Third Floor, Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
E-Mail: crk@tblaw.com; jdd@tblaw.com
*Counsel for Dexter Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>DEXTER DISTRIBUTING CORPORATION, et al.,<br><br>Debtor.<br><br>THIS FILING APPLIES TO:<br><br>■ ALL DEBTORS<br><br>☐ SPECIFIED DEBTORS DEXTER DISTRIBUTING CORPORATION; NEW CASTLE MEGASTORE CORP.; AND 1113 PROGRESS DRIVE, MEDFORD, LLC | (In proceedings under Chapter 11)<br><br>Case No. 2:03-bk-03546-RJH<br><br>Jointly Administered With:<br><br>2-03-BK-03548-RJH<br>2-03-BK-04695-RJH through<br>2-03-BK-04710-RJH<br>2-03-BK-05427-RJH<br>2-03-BK-11513-RJH<br>2-03-BK-11515-RJH<br>2-03-BK-04238-RJH<br>2-07-BK-01017-RJH<br>2-07-BK-01018-RJH; and<br>2-07-BK-01019-RJH<br>2-07-AP-00215 RJH<br><br>(Associated Case 2:07-AP-00215 RJH)<br><br>**DECLARATION OF EDWARD M. (TED) BURR & SIERRA CONSULTING GROUP, LLC IN SUPPORT OF THE SECOND OMNIBUS OBJECTION TO EMPLOYEE WAGE CLAIMS (CLAIM NOS. 101-200)** |

I, Edward M. Burr, hereby declare under penalty of perjury that:

1. I am a principal with Sierra Consulting Group, LLC ("Sierra"). Sierra is one of the leading providers of restructuring advisory and litigation support services in the Southwest. Sierra is a leading national consulting firm comprised of experienced CPAs and other financial professionals.

2. I submit this Declaration on behalf of the Dexter Liquidating Trust's (the "Trust") Second Omnibus Objection to Employee Wage Claims (Claim Nos. 101-200) filed as of this date in the Debtors' bankruptcy cases.

3. This Court approved the Official Committee of Unsecured Creditors' appointment of Sierra as Financial and Business Valuation Advisor on July 16, 2007. From that date to the Effective Date of the Debtors' confirmed Modified and Restated Plan of Reorganization ("Restated Plan"), I assisted the Committee in analyzing facts concerning these jointly administered bankruptcy cases. As of the Effective Date of the confirmed Restated Plan, Sierra has been retained by the Dexter Liquidating Trust to, among other things, investigate and reconcile claims against the Dexter Distribution Corporation and its affiliated Debtors' estates.

4. I make the following declaration based upon my personal knowledge, and upon the records of the Debtors described in this Declaration, including, but not limited to the Debtors' original and amended schedules and the proofs of claim described herein, as well as Debtors' accounting records.

5. On July 30, 2009, the effective date of the Restated Plan, the Dexter Liquidating Trust succeeded to Dexter Distribution Corporation and its affiliated Debtors' rights with respect to their books and records.

6. Sierra has been working closely with the Trustees for the Trust in evaluating all of the proofs of claims that were filed in the Debtors' estates and claims scheduled by the Debtors.

7. The Trust objects to Scheduled Employee Wage Claims on the grounds that, upon information and belief, these employee wages have been paid by the Debtors.

8. Exhibit A, attached, lists the Scheduled Employee Wage Claims (Claim Nos. 101-200) that appear to be claims for wages which were paid in the ordinary course of the Debtors' business operations. For each employee wage claim listed, Exhibit A identifies the scheduled employee, their address, the amount scheduled, and the basis for objection to each scheduled claim.

9. As set forth in the attached Second Omnibus Objection to Scheduled Employee Wage Claims (Claim Nos. 101-200), such claims should be disallowed for the reason that said Scheduled Employee Wage Claims have been paid.

Dated: December 17, 2010

/s/ Edward M. Burr
Edward M. Burr